IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMADA ORTEGA and MARCOS AROMAS, both individually and on behalf of JENNIFER AROMAS ORTEGA, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA and SINAI HEALTH SYSTEM, an Illinois not-for-profit corporation, doing business as, MOUNT SINAI HOSPITAL,<br><br>Defendants. | No. 16-cv-8402<br><br>Judge Martha M. Pacold |

**THE SINAI DEFENDANTS' REPLY BRIEF**

Defendants, Sinai Health System d/b/a Mount Sinai Hospital and Mount Sinai Hospital Medical Center of Chicago (collectively, the "Sinai Defendants"), submits the following Reply Brief in further support of its Motion for Summary Judgment on the claims submitted by Plaintiffs.

**INTRODUCTION**

After four years of expansive fact and expert discovery, premised on the Sinai Defendants' asserted agency relationship with Plaintiff Ortega's treaters, Plaintiffs' Response Brief quietly opts to not even address the Sinai Defendants' challenged agency relationship with Dr. Shaffer and Midwife Doran. Plaintiffs' lack of a response to the contested agency relationship is a booming indication of the flimsy nature of case against the Sinai Defendants. Without any discovery specifically directed to Ortega's nursing care or taking a single nurse deposition, Plaintiffs' claims against the Sinai Defendants now solely dangle from the flawed opinions of Plaintiffs' Midwife Expert, Michelle Quale, who criticized the nursing care provided

1

to Ortega in the last paragraph of her Rule 26 Expert Report. Now, Plaintiffs' only response to the Sinai Defendants' Motion for Summary Judgment is narrowly focused on the remaining tendril of their case, involving the Sinai Defendants' nursing care. However, Plaintiffs' response does not address the inadequacy of Quale's opinions, but attempts to deflect attention away by unconvincingly pointing to other opinions without explaining their significance. Plaintiffs' attempt at diversion is unconvincing. As explained in the Sinai Defendants' opening Memorandum, Quale's opinions are contradicted by the clear evidence adduced in the case, warranting striking her opinions and the entry of summary judgment based on the lack of a material fact.

## ARGUMENT

**A.    Plaintiffs' Failure to Respond to the Sinai Defendants' Federal Tort Claims Act ("FTCA") Argument is an Admission of the Sinai Defendants' Material Facts Warranting a Finding that the FTCA Bars Plaintiffs' Agency Allegations Against the Sinai Defendants**

The FTCA bars Plaintiffs from asserting a claim against the Sinai Defendants based on a pled agency relationship with Shaffer and Doran, both designated Public Health Service employees. (DSOF ¶ 7,8); *see* 28 U.S.C. § 233 (a). Plaintiffs' failure to respond to the Sinai Defendants' FTCA argument concedes the materials facts underlying Plaintiffs' violation of the FTCA's "exclusive" remedy provision. 42 U.S.C. § 233(g)(1)(F); *Gerhartz v. Richert*, 779 F.3d 682 (7th Cir. 2015) (failure to respond to a motion for summary judgment constitutes an admission by non-movant that there are no disputed issues of genuine fact warranting trial). For the reasons set forth in the Sinai Defendants' opening Memorandum, and as a matter of law, the FTCA bars Plaintiffs' agency allegations against the Sinai Defendants.

**B.     Plaintiffs' Failure to Respond to the Sinai Defendants' Actual and Apparent Agency Arguments Concedes the Sinai Defendants' Submitted Material Facts, Warranting the Entry of Summary Judgment**

If this Court determines that Plaintiffs do not offend the FTCA by pursuing the Sinai Defendants *and* the United States for the same alleged misconduct of certified PHS employees, the Sinai Defendants are entitled to summary judgment on Plaintiffs' agency claims. Plaintiffs' failure to respond to the Sinai Defendants' actual and apparent agency arguments encompassed in its submitted Memorandum results in Plaintiffs' admission of the facts provided in support of its agency contentions. (DSOF ¶ 1-65); *see also*, *Gerhartz*, 779 F.3d at 685. Accordingly, the admission of the Sinai Defendants' material facts contained its opening Memorandum establishes that Shaffer and Doran were not actual or apparent agents of the Sinai Defendants warranting the entry of summary judgment on agency grounds.

**C.     Plaintiffs' Concession Concerning the Nursing Staff Not Administering Pitocin Warrants Summary Judgment**

Despite Plaintiffs' Nursing Expert Michelle Quale's Rule 26 Report explicitly criticizing the nursing care concerning "restarting [Pitocin at] 12:52 p.m.," Plaintiffs' response conflicts with Quale's Report and concedes that "Quale [] does not specifically criticize the Sinai Defendants' nursing staff." (Pl. Resp. pg. 5). This strategic concession is in response to Quale's opinion that Pitocin was restarted at 12:52 p.m. which is contradicted by Doran's progress note indicating that she restarted Pitocin at 12:39 p.m. Quale's Report's reference to 12:52 p.m. was mistakenly focused on Nurse Moreno's 12:52 p.m. progress note reaffirming that Pitocin had already been restarted by Doran. (DSOF ¶ 71). Therefore, Nurse Moreno was not involved in the restarting of Pitocin. In accordance with Plaintiffs' concession and the record indicating the lack of reliability in Quale's opinion, the entry of summary judgment is warranted finding that

the Sinai Defendants' nursing staff is not subject to criticism concerning the administration of Pitocin.

**D.  Plaintiffs' Response Does Not Contest Quale's Incorrect Standard of Care Opinions Warranting Summary Judgment**

As detailed in the Sinai Defendants' opening Memorandum, Quale's standard of care opinions concerning the absolute requirement to discontinue Pitocin are contradicted by the exacting language of the MSH Nursing Standard, which provides that discontinuing Pitocin is one of several interventions which could be taken, *but is not required*. (DSOF ¶ 77). Faced with the reality that one of Quale's standard of care opinions does not withstand scrutiny, Plaintiffs' response[1] only offers that Quale's opinion were based on both the MSH Nursing Standard "and [the] standard of care generally." (Pl. Resp. pg. 6). Without elaborating on the significance of their counter argument, it appears that Plaintiffs concede that Quale's opinion concerning the MSH Nursing Standard is not reliable and takes refuge in her alternative opinion concerning the general nursing standard of care.

Moreover, Plaintiffs' response to the Sinai Defendants' Statement of Material Fact admits the optional terms of the MSH Nursing Standard. (Pl. Resp. to DSOF ¶ 77). As such, Quale's opinion mandating the discontinuation of Pitocin is contradicted by Plaintiffs' "Undisputed" response and the explicit terms of the MSH Nursing Standard. *See, id*. Finally, in accordance with the MSH Nursing Standard, Quale admitted in her deposition that when indeterminate or an abnormal heart rate was detected in Ortega that the approved interventions were provided to her such as: (1) repositioning; (2) providing oxygen; and (3) the continuing of IV fluids. (Pl. Resp. to DSOF ¶ 80). These provided interventions were done in accordance with the MSH Nursing Standard, negating any asserted breach. Due to the failure of Quale to accurately provide the

---

[1] Plaintiffs did not file their own separate Rule 56.1 Statement of Additional Facts in conjunction with their Response Brief to the Sinai Defendants' Motion for Summary Judgment.

standard of care required under the MSH Nursing Standard, partial summary judgment is militated striking Quale's opinions involving the MSH Nursing Standard requiring the cessation of Pitocin, which is incorrect, and thus not reliable.

**E. Plaintiffs' Response Does Not Address the Fact that Shaffer Was Informed of the Initiation of Pitocin Contradicting Quale's Nursing Criticism and Warranting Summary Judgment**

Plaintiffs' response ignores Quale's nursing criticism concerning Shaffer not being informed of the administration of Pitocin and attempts to divert attention to a different criticism involving his notification of a Category 2 strip. Plaintiffs' attempt to sidestep Quale's mistaken opinions are transparently faulty. Congruent with her Rule 26 Report asserting that Pitocin began at 12:52 p.m., Quale testified during her deposition that the Sinai Defendants' nursing care deviated from the standard of care when Shaffer was not notified of "both the category 2 tracing and *subsequently* the addition of [the] Pitocin." (emphasis added) (Ex. 6, pg. 64). It is the second aspect of Quale's two-part criticism concerning Shaffer being aware of the administration of Pitocin which has been challenged by the Sinai Defendants. As set forth above, Quale's misunderstanding about the timing of the administration of Pitocin renders her opinion unreliable.

Plaintiffs admit that Shaffer was aware of Pitocin being administered to Ortega as indicated in Doran's 12:39 p.m. note, when she began Pitocin, indicating "Dr. Shaffer aware of patient status." (Pl. Resp. to DSOF ¶ 68). Moreover, Pitocin was administered *before* the first indication of Category 2 tracing which Quale thought occurred at 12:41 p.m. (Ex. 6, pg. 64). Due to the direct contradictions between Quale's opinions and the undisputed exact timing of the criticized events in Ortega's records there is no issue of material fact. Accordingly, striking

Quale's opinions concerning the nursing providers' communication with Shaffer involving the administration of Pitocin is warranted.

## CONCLUSION

For the reasons set forth in the Sinai Defendants' opening Memorandum and herein, the Sinai Defendants respectfully request that the Court enter summary judgment in its favor.

Dated: June 26, 2020        Respectfully Submitted,

ANDERSON, RASOR & PARTNERS, LLP

*/s/ Christopher C. Heery*
One of the attorneys for Defendants, SINAI HEALTH SYSTEM d/b/a MOUNT SINAI HOSPITAL and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO

Sandra G. Iorio (#6225223)
Christopher C. Heery (#6304791)
ANDERSON, RASOR & PARTNERS, LLP
150 S. Wacker Dr., Suite 350
Chicago, Illinois 60606
312-673-7800
Sandra.Iorio@ARandPartners.com
Christopher.Heery@ARandPartners.com

## CERTIFICATE OF SERVICE

I, Christopher C. Heery, an attorney certifies the foregoing **THE SINAI DEFENDANTS' REPLY BRIEF** was served upon all counsel of record below:

> Anthony J. Peraica
> Joseph P. DiPasquale
> Anthony J. Peraica & Associates, Ltd.
> 5130 South Archer Avenue
> Chicago, Illinois 60632
> peraicalaw@aol.com
> jdipasquale@peraica.com
>
> Alex Hartzler
> Assistant United States Attorney
> 219 South Dearborn Street
> Chicago, Illinois 60604
> Alex.Hartzler@usdoj.gov
>
> AUSA-Chicago
> United States Attorney's office (NDIL-Chicago)
> 219 South Dearborn
> Chicago, IL 60604
> USAILN.ECFAUSA@usdoj.gov

by electronically filing same using the CM/ECF system which will send notification of such filing to all counsel of record on June 26, 2020.

/s/Christopher C. Heery

Sandra G. Iorio
Christopher C. Heery
ANDERSON, RASOR & PARTNERS, LLP
150 S. Wacker Drive, Suite 350
Chicago, IL 60606
(312) 673-7800
Sandra.Iorio@ARandPartners.com
Christopher.Heery@ARandPartners.com